| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:17-CR-9 |
| | § | |
| CHIA JEAN LEE | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Chia Jean Lee's *pro se* Motion to Reduce Sentence (#217), wherein she requests that the court reduce her sentence under 18 U.S.C. § 3582(c)(1)(A). Lee identifies the Coronavirus Disease 2019 ("COVID-19") pandemic as an extraordinary and compelling reason justifying her release. United States Probation and Pretrial Services ("Probation") conducted an investigation and recommends that the court deny the motion. Having considered the motion, Probation's recommendation, and the applicable law, the court is of the opinion that the motion is without merit.

I.   Background

On January 18, 2017, a federal grand jury sitting for the Eastern District of Texas in Plano, Texas, returned a one-count Indictment charging Lee with Conspiracy to Distribute, Dispense, and Possess with Intent to Distribute and Dispense Controlled Substances, in violation of 21 U.S.C. § 846. On October 10, 2018, a jury in Plano, Texas, returned a guilty verdict against Lee, finding that, together with her husband, she was responsible for the distribution of 114 grams of oxycodone; 580 grams of amphetamine salts; 3,896 grams of hydrocodone; 542 grams of alprazolam; and 279 grams of promethazine with codeine. On May 3, 2019, Lee was sentenced to 188 months' imprisonment, followed by a 3-year term of supervised release. She is currently housed at the administrative security federal medical center in Fort Worth, Texas ("FMC

Carswell"). On May 15, 2020, Lee submitted a request for compassionate release to the Bureau of Prisons ("BOP"). The warden denied her request on May 16, 2020, finding that early release from her sentence was not warranted. Lee's Pre-Sentence Report ("PSR") reveals that she has no prior criminal history.

II.     Analysis

On December 21, 2018, the President signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii). This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release

was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."). The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust her administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).

Congress did not define "extraordinary and compelling." Rather, it elected to delegate its authority to the United States Sentencing Commission ("the Commission"). *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."); *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018) ("USSG"). In Application Note 1 to § 1B1.13 of the USSG, the Commission defined "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has

specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

In the instant motion, Lee, age 61, contends that she is eligible for compassionate release due to her medical conditions—specifically, she claims in her motion that she suffers from fibromyalgia, gastroesophageal reflux disease, migraines, psoriasis, rosacea, severe vitamin D deficiency, osteoporosis, sciatic pain, neuropathy (arm and leg), frequent upper respiratory infections, frequent nasal bleeding, hearing loss, ringing in ears, cataract, severe hemorrhoids, and a lump in her neck causing occasional fainting and dizziness. According to Lee's PSR, dated April 15, 2019, she has a medical history of occasional migraines and chronic hemorrhoids, and she reported having bone density issues and a vitamin D deficiency. Lee also reported a history of rosacea, psoriasis, and fibromyalgia, none of which had flared up at the time her PSR was filed. Probation reports that as of June 3, 2020, she is ambulatory, independent, and able to perform all activities of daily living. Probation further reports that although Lee has minor health issues, they are not life-threatening, nor do they require long-term, serious treatment. The only medications Lee currently takes are for constipation.

The USSG provides that extraordinary and compelling reasons exist regarding a defendant's medical condition when the defendant is "suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or when a defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).  Here, Lee's purported medical conditions do not meet the criteria listed above.  None of these medical conditions is terminal or substantially diminishes her ability to provide self-care.  Hence, Lee has failed to establish that a qualifying medical condition exists that would constitute extraordinary and compelling reasons to reduce her sentence.

Nevertheless, Lee maintains that she is at a heightened risk of exposure to COVID-19 at FMC Carswell and, thus, at a "severe risk of catastrophic health consequences."  Although Lee expresses legitimate concerns regarding COVID-19, she does not establish that the BOP cannot manage the outbreak within her correctional facility or that the facility is specifically unable to treat Lee, if she were to contract the virus and develop COVID-19 symptoms, while incarcerated. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A]s defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about

the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). In fact, Lee may be more likely to contract COVID-19 if she were released from confinement, as requested. FMC Carswell has no active COVID-19 cases as of June 3, 2020, and previously had only two confirmed cases among inmates, per Probation's report. Thus, Lee has failed to establish that a qualifying medical condition or other reasons exist that would constitute extraordinary and compelling reasons to warrant her release from imprisonment.

Moreover, the BOP has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures in response to COVID-19. In response to a directive from the United States Attorney General in March 2020, the BOP immediately began reviewing all inmates who have COVID-19 risk factors, as described by the Centers for Disease Control and Prevention, for the purpose of determining which inmates are suitable for placement on home confinement. *See United States v. Collins*, No. CR 04-50170-04, 2020 WL 1929844, at *3 (W.D. La. Apr. 20, 2020). The BOP notes that inmates need not apply to be considered for home confinement, as this is being done automatically by case management staff.

In his Memorandum to the BOP dated March 26, 2020, Attorney General Barr acknowledges that the Department of Justice ("DOJ") has an obligation to protect both BOP personnel and inmates. He also notes that the DOJ has the responsibility of protecting the public, meaning that "we cannot take any risk of transferring inmates to home confinement that will contribute to the spread of COVID-19 or put the public at risk in other ways." The Attorney General issued a subsequent Memorandum to the BOP on April 3, 2020, in which he emphasizes

that police officers protecting the public face an increased risk from COVID-19 and cannot avoid exposure to the virus, with their numbers dwindling as officers who contract the virus become ill or die or need to recover or quarantine to avoid spreading the disease.

In short, Lee has failed to satisfy her burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. *See United States v. Koons*, No. 16-214-05, 2020 WL 1940570, at *4-5 (W.D. La. Apr. 21, 2020) (stressing that "the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances"). As the court observed in *Koons*, rejecting the notion that it has "carte blanche" authority to release whomever it chooses, "[t]he Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Id.*

III. Conclusion

In accordance with the foregoing analysis, Lee's Motion (#217) is DENIED.

SIGNED at Beaumont, Texas, this 5th day of June, 2020.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE