| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:17-CR-9 |
| § | |
| CHIA JEAN LEE § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 12, 2020, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Petitioner Chia Jean Lee's "Motion of Objection to Inefficient Counseling and Perjury Done in Trial" ("Objection to Ineffective Assistance of Counsel") (#175) and letter "Motion of Requesting Full Discovery" ("Motion for Post-Judgment Discovery") (collectively, the "Motions") (#177) be denied.

On October 10, 2018, a jury adjudged Petitioner and her co-defendant guilty of conspiracy to distribute, dispense, or possess with the intent to distribute or dispense controlled substances, in violation of 21 U.S.C. § 846 (#1, 123). Following imposition of her sentence and the filing of a Notice of Appeal by her trial counsel, Petitioner filed the instant Motions asserting ineffective assistance of counsel and requesting discovery related to her criminal conviction (#175, 177). Broadly construed, Petitioner complains that she was not apprised of the evidence against her by trial counsel, that certain incriminating testimony was manufactured and constitutes perjury, and/or that trial counsel failed to present all possibly exculpatory evidence (#175, 177). The Magistrate

Judge entered a written report, recommending the Court deny Petitioner's Motions (#216). The Magistrate Judge concluded that Petitioner's *pro se* Motions were procedurally improper as Petitioner was, at the time of filing, represented by counsel; and further, that Petitioner has failed to show that discovery is necessary to assist in deciding an issue on her pending direct appeal, or that Petitioner has filed a motion under 28 U.S.C. §§ 2254 or 2255 which would warrant post-judgment discovery; and Petitioner's claim for ineffective assistance of counsel is better urged on collateral review.

Petitioner raises only one substantive objection to the findings in the report—that the Magistrate Judge was incorrect in finding she was represented by counsel at the time of the filing of the instant Motions (#219). Petitioner claims she was not represented by counsel, and thus there is no "hybrid representation" as stated by the Magistrate Judge (#219 at p. 1). However, even if the Court were to sustain Petitioner's objection regarding her representation status and consider the substance of the Motions, they should still be denied. Petitioner has not shown good cause to warrant discovery and, here, any claim for ineffective assistance of counsel is more appropriately urged via collateral review.

Beyond Petitioner's objection related to the issue of representation, the remainder of Petitioner's statements in her filed Objections point to conduct she believes supports the merits of her ineffective assistance claim or otherwise elaborate on what discovery she seeks. For example, Petitioner claims her trial counsel failed to object when the DEA "lied in trial" about providing Petitioner with her *Miranda* warning, failed to object to the prosecutor's misconduct and lying, and/or failed to object to the court's "arbitrary judgment" (#219 at pp. 2–3). Petitioner's assertions in her Objections do not merit a changed result.

After conducting a *de novo* review, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, Petitioner's Objections are overruled, and the

Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is therefore **ORDERED** that Petitioner's Motion for Post-Judgment Discovery (#177) is hereby **DENIED** and Petitioner's Objection to Ineffective Assistance of Counsel (#175) is hereby **DENIED** without prejudice.

SIGNED at Beaumont, Texas, this 23rd day of June, 2020.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE