| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:17-CR-9 |
| | § | |
| CHIA JEAN LEE (2) | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Chia Jean Lee's ("Lee") *pro se* Motion for Extension for Filing the Reply to Preliminary Order of Forfeiture Relate[d] to Defendant Substitute Property (#238).

I.   Background

On January 18, 2017, the grand jury returned an Indictment against Defendants Theodore William Taylor ("Taylor") and Lee (collectively, "Defendants"), who are husband and wife. The Indictment charged Defendants with conspiracy to distribute, dispense, or possess with the intent to distribute or dispense controlled substances, in violation of 21 U.S.C. § 846. The Indictment included a Notice of Intent to Seek Criminal Forfeiture pursuant to 21 U.S.C. § 853 that gave notice of the Government's intent to seek forfeiture of the defendants' right, title, and interest in all property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the charged offense, as well as any property used or intended to be used in any manner to commit or facilitate the commission of the offense. The property subject to forfeiture included, but was not limited to, the following:

- a. $21,615.00 in cash seized at the Defendants' residence in Plano, Texas, on or about February 2, 2012;

- b. $1,389.00 in cash seized from Clinic #2 [located at 1920 N. Collins Boulevard, Richardson, Texas,] on or about February 2, 2012;

  c.  All medical practioner licenses and registrations, including nay medical, nursing, or other license related to the medical profession . . .; and

  d.  Substitute assets authorized by 21 U.S.C. § 853(p).

On October 10, 2018, following an 8-day trial, a jury found Defendants guilty on the sole count of the Indictment. At the conclusion of the trial, the parties, through counsel, advised the court that they had reached an agreement on the entry of a forfeiture judgment against Defendants. In light of the agreement, a separate forfeiture proceeding before the jury became unnecessary.

Pursuant to the parties' agreement, which was stated on the record, Defendants consented to the entry of a forfeiture judgment for: $450,000.00 and applicable medical/nursing licenses. After confirming on the record that Taylor, Lee, and their respective attorneys understood and voluntarily accepted the agreement, the court accepted the agreement, obviating the forfeiture phase of the trial.

On April 24, 2019, the Government moved for entry of a Preliminary Forfeiture Order covering the property noted above (#151). The court granted the Government's motion and entered a Preliminary Forfeiture Order (#152) which included, among other things, $450,000.00 in favor of the United States which represents the value of the proceeds of the offense for which Defendants were convicted. The Preliminary Forfeiture Order became a Final Forfeiture Order as to Defendants upon the court's pronouncement of their sentences in this case on May 3, 2019.

On December 3, 2020, the Government filed a Motion for Preliminary Order of Forfeiture of Defendants' Substitute Property in Partial Satisfaction of Money Judgment (#236). The Government noted that as of November 18, 2020, the balance owing on the money judgment remained at $450,000.00 and sought to apply the following seized assets to the outstanding balance of the money judgment:

2

  a.  $21,615.00 in U.S. currency seized at Defendants' residence, and

  b.  $1,389.00 in U.S. currency seized at Defendants' medical clinic.

On December 4, 2020, the court granted the Government's motion and entered a Preliminary Order of Forfeiture Relating to Defendants' Substitute Property (#237), wherein the court ordered that Defendants' interest in the above-listed property was forfeited to the United States. On December 18, 2020, Lee filed the instant motion (#238), seeking "an extension to reply to the Preliminary Order." It is not apparent from Lee's motion whether she intended to seek an extension of time to file a response to the Government's motion, or whether she seeks additional time to contest the court's preliminary order.

II. Analysis

The Government may seek the forfeiture of substitute property pursuant to Federal Rule of Criminal Procedure 32.2(e), which states in relevant part:

> (1) In General. On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> > (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or
> >
> > (B) is substitute property that qualifies for forfeiture under an applicable statute.
>
> (2) Procedure. If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:
>
> > (A) enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and
> >
> > (B) if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c).

FED. R. CRIM. P. 32.2(e).

Applicable here, 21 U.S.C. § 853(p) provides:

(1) In general.

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant–

    (A) cannot be located upon the exercise of due diligence;

    (B) has been transferred or sold to, or deposited with, a third party;

    (C) has been placed beyond the jurisdiction of the court;

    (D) has been substantially diminished in value; or

    (E) has been commingled with other property which cannot be divided without difficulty.

(2) Substitute property

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

21 U.S.C. 853(p); *see United States v. Haro*, 753 F. App'x 250, 257-58 (5th Cir. 2018).

Here, Defendants agreed to forfeit $450,000.00, and that amount is covered in the court's Preliminary Forfeiture Order, which became a Final Forfeiture Order as to Defendants upon the court's pronouncement of their sentences in this case. The Government has shown that as of November 18, 2020, the balance owing on the money judgment remains at $450,000.00. Thus, the seized currency is subject to forfeiture in partial satisfaction of the outstanding money judgment. While a third party is permitted to file a petition claiming an interest in the property, such avenue is not afforded to a defendant. FED. R. CRIM. P. 32.2(e)(2)(B); *see* 21 U.S.C. § 853(n)(1).

III.     Conclusion

Accordingly, Lee's Motion for Extension for Filing the Reply to Preliminary Order of Forfeiture Relate[d] to Defendant Substitute Property (#238) is DENIED.

SIGNED at Beaumont, Texas, this 28th day of December, 2020.

                        _____
                        MARCIA A. CRONE
                        UNITED STATES DISTRICT JUDGE